1 JAMES J. YUKEVICH (SBN 159896)
 *jyukevich@yukelaw.com*
2 CRISTINA M. CIMINELLI (SBN 206201)
 *cciminelli@yukelaw.com*
3 STEVEN S. VAHIDI (SBN 283951)
 *svahidi@yukelaw.com*
4 YUKEVICH | CAVANAUGH
 355 S. Grand Avenue, 15th Floor
5 Los Angeles, California 90071-1560
 Telephone:  (213) 362-7777
6 Facsimile:  (213) 362-7788

7 Attorneys for Defendant
 PINKTOWNUSA.COM, INC.

8
9 STEPHEN M. DONIGER (SBN 179314)
 *stephen@donigerlawfirm.com*
 SCOTT A. BURROUGHS (SBN 235718)
10 *scott@donigerlawfirm.com*
 DAVID SHEIN (SBN 230870)
11 *david@donigerlawfirm.com*
 DONIGER / BURROUGHS APC
12 300 Corporate Pointe, Suite 355
 Culver City, California 90230
13 Telephone:  (310) 590-1820
 Facsimile:  (310) 417-3538
14
15 Attorneys for Plaintiff Onch Movement, LLC

16 **UNITED STATES DISTRICT COURT**

17 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

18

| | |
|---|---|
| 19 ONCH MOVEMENT, LLC, a Limited Liability Company, | CASE NO. CV13-3185-PJW |
| 20 Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 21 vs. | Assigned to Hon. Patrick J. Walsh |
| 22 PINKTOWNUSA.COM, a New York Corporation; and DOES 1-10, | Trial Date:   June 23, 2014 |
| 24 Defendants. | *Note change to Order at p.4, ¶ 7. PJW* |

27 Pursuant to Federal Rule of Civil Procedure 26(c), and in consideration of the

28 mutual covenants contained herein, the undersigned counsel for the parties hereby

1  stipulate as follows, and it is hereby ordered:

2      1.    In connection with this Action, any party may designate any

3  documents, electronically stored information, materials, things, discovery materials,

4  materials filed with this Court, testimony, or other information derived therefrom, as

5  "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order

6  ("Order").  Either the producing or receiving party may designate as

7  "CONFIDENTIAL" any material or information that such party reasonably believes

8  in good faith is subject to confidential protection under the law, including but not

9  limited to Fed. R. Civ. P. 26(c) or other applicable statutory or common law,

10  including trade secrets; confidential research, development, or other commercial

11  information; other proprietary or sensitive business information; or personal,

12  medical, or personnel information.  Any materials designated in accordance with

13  this paragraph shall hereinafter be referred to as "Confidential Materials."

14      2.    A producing party may designate Confidential Materials by stamping

15  the materials with the legend "CONFIDENTIAL" or "CONFIDENTIAL-

16  ATTORNEY EYES ONLY."  Stamping "CONFIDENTIAL" or

17  "CONFIDENTIAL-ATTORNEY EYES ONLY" on the cover of any multi-page

18  document shall designate all pages of the document as "CONFIDENTIAL," unless

19  otherwise indicated by the designating party.  Any confidential material produced on

20  disks or other computer-related media may be designated as Confidential by

21  labeling the media as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY

22  EYES ONLY."

23      3.    Confidential Materials shall be maintained in strict confidence by all

24  persons permitted access to such Confidential Materials pursuant to the terms of this

25  Order.  However, the mere fact that any document or information is designated as

26  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" pursuant

27  to this Order shall not signify that any such document or information is in fact

28  confidential or be construed as an admission that such document or information is

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  confidential.

2      4.      Deposition transcripts, or portions thereof, may be designated as

3  "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" by (a)

4  making a statement to that effect on the record at the deposition, or (b) counsel's

5  written designation of certain pages of the transcript as "CONFIDENTIAL" or

6  "CONFIDENTIAL-ATTORNEY EYES ONLY" within fourteen (14) days of the

7  receipt of the transcript by attorneys for all parties.

8      5.      Confidential Materials marked as "CONFIDENTIAL" or

9  "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be used for any purpose

10  except in connection with this litigation, and shall not be delivered or disclosed, in

11  whole or in part, to any person except:

12        a. the Court and its officers (including court reporters);

13        b. counsel of record for the parties and their staff, as well as employees of

14            third party vendors engaged to provide litigation support services;

15        c. the parties, and any current employees of the parties who are involved

16            in the prosecution, defense, and/or appeal of this action;

17        d. the parties' independent experts retained in connection with this action;

18            and

19        e. non-party deposition and trial witnesses.

20      Notwithstanding any of the foregoing, nothing herein shall prevent or limit

21  Plaintiff from filing claims against, or making pre-filing demands to, a party

22  identified in Confidential Materials marked as "CONFIDENTIAL" or

23  "CONFIDENTIAL-ATTORNEY EYES ONLY" if Plaintiff has a good faith belief

24  that it has a claim against that party.

25      6.      Before disclosure of Confidential Materials is made to any person

26  (other than persons described in subsections (a), (b), and (c) of paragraph 5), the

27  party seeking to disclose such Confidential Materials shall obtain such person's

28  written agreement, in the form of the Exhibit attached hereto. In the event that a

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  deposition witness fails or refuses to sign the Exhibit, the party wishing to disclose
2  such Confidential Materials at deposition shall, on the record, inform the witness of
3  the existence of the Stipulated Protective Order, and instruct the witness not to
4  disclose any information contained in the Confidential Materials to anyone other
5  than for purposes of the litigation.  No disclosure shall be made to any such person
6  unless such person first complies with this paragraph.  The party disclosing
7  Confidential Materials to such persons shall retain a copy of all such statements
8  signed by any such persons to whom disclosure is made, and shall provide a copy of
9  any such statement to the other parties upon request.

10      7.     Before any materials produced in discovery, answers to interrogatories,
11  responses to requests for admissions, deposition transcripts, or other documents
12  which are designated as Confidential Information are filed with the Court for any
13  purpose, the party seeking to file such material shall seek permission of the Court to
14  file said material under seal. The parties will follow and abide by applicable law,
15  including Civ. L.R. 79-5, with respect to filing documents under seal in this Court.
16  In the event that the filing must be made public, the Confidential material must be
17  redacted before filing, *unless the Court orders otherwise.* PJW

18      8.     All persons are hereby placed on notice that the Court is unlikely to
19  seal or otherwise afford confidential treatment to any Confidential Materials
20  introduced in evidence at trial, even if such material has previously been sealed or
21  designated as CONFIDENTIAL or "CONFIDENTIAL-ATTORNEY EYES
22  ONLY."  The Court also retains unfettered discretion whether or not to afford
23  confidential treatment to any Confidential Materials submitted to the Court in
24  connection with any motion, application, or proceeding that may result in an order
25  and/or decision by the Court.

26      9.     Within forty-five (45) days after the final disposition of this action,
27  including all appeals, all Confidential Materials shall either be returned to the party
28  that produced them at that party's expense or be destroyed; *provided however*, that

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  counsel and the parties may retain copies of pleadings, motion papers, transcripts,

2  legal memoranda, correspondence, or attorney work product, even if such materials

3  contain Confidential Materials.  Upon request of the producing party, and not more

4  than sixty (60) days after final disposition of this action, including appeals, counsel

5  who received the Confidential Materials shall deliver a written certification

6  certifying compliance with the terms of this Order to counsel for the party that

7  produced the Confidential Materials.

8      10.    If, through inadvertence, a producing party discloses any document or

9  information that it believes should have been designated as "CONFIDENTIAL" or

10 "CONFIDENTIAL-ATTORNEY EYES ONLY" it may subsequently, within a

11 reasonable period after the discovery of such inadvertence, designate such document

12 or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES

13 ONLY." After such designation is made, all receiving parties shall treat the

14 Confidential Materials accordingly.  If any Confidential Materials have been

15 disclosed by the receiving party prior to the designation, the receiving party shall

16 notify the producing party and shall also make a good faith effort to have the

17 Confidential Materials returned.

18     11.    Any party may object to the designation of any document or

19 information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES

20 ONLY" pursuant to this Order, and in any motion regarding such designation, the

21 designating party shall have the burden of establishing that the designation is

22 appropriate.  Counsel for the parties shall meet and confer in an attempt to resolve

23 any disputes about the designation or treatment of any document or information

24 before presenting such disputes to the Court.  If a dispute as to a Confidential

25 designation of a document or item of information cannot be resolved by agreement,

26 the proponent of the designation being challenged shall present the dispute to the

27 Court by motion for an order regarding the challenged designation. The document or

28 information that is the subject of the filing shall be treated as originally designated

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1 | pending resolution of the dispute.

2 | 12. When the inadvertent or mistaken disclosure of any information,
3 | document or thing protected by privilege or work-product immunity is discovered
4 | by the producing party and brought to the attention of the receiving party, the
5 | receiving party's treatment of such material shall be in accordance with Federal
6 | Rules of Civil Procedure and California Law. Such inadvertent or mistaken
7 | disclosure of such information, document or thing shall not by itself constitute a
8 | waiver by the producing party of any claims of privilege or work-product immunity.
9 | However, nothing herein restricts the right of the receiving party to challenge the
10 | producing party's claim of privilege if appropriate within a reasonable time after
11 | receiving notice of the inadvertent or mistaken disclosure.

12 | 13. Disclosure of "CONFIDENTIAL-ATTORNEY EYES ONLY"
13 | Information or Items. Confidential Materials that are designated "Confidential-
14 | Attorney Eyes Only" may be disclosed only to persons described in subsections (a)
15 | and (b) of paragraph 5 and only to the extent such persons have a legitimate need to
16 | know the contents of Confidential Materials disclosed to them. Notwithstanding any
17 | of the foregoing, nothing herein shall prevent or limit Plaintiff from filing claims
18 | against, or making pre-filing demands to, a party identified in Confidential Materials
19 | marked as "CONFIDENTIAL-ATTORNEY EYES ONLY" if Plaintiff has a good
20 | faith belief that it has a claim against that party.

21 | 14. No information that is in the public domain or which is already known
22 | by the receiving party through proper means or which is or becomes available to a
23 | party from a source other than the party asserting confidentiality, rightfully in
24 | possession of such information on a non-confidential basis, shall be deemed or
25 | considered to be Confidential material under this Stipulated Protective Order.

26 | 15. Each person or entity that produces or receives discovery materials
27 | hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any
28 | proceedings related to the enforcement of this Order.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED:  August 29, 2013          YUKEVICH | CAVANAUGH

3

4

5                                   By:      /s/ Steven S. Vahidi

6                                          Steven S. Vahidi
                                           Attorneys for Defendant
7                                          PINKTOWNUSA.COM, INC.

8

9

10  DATED:  August 29, 2013          DONIGER / BURROUGHS APC

11

12

13                                   By:      /s/ David Shein

                                           David Shein, Esq.
14                                         Attorneys for Plaintiff
                                           Onch Movement, LLC.
15

16

17           **IT IS SO ORDERED:**

18  Dated: August __4__, 2013

19

20                                   By: _____

21

22                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ONCH MOVEMENT, LLC, a Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PINKTOWNUSA.COM, a New York Corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. CV13-3185-PJW<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Assigned to Hon. Patrick J. Walsh |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

I acknowledge that I have read and understand the Stipulated Protective Order entered in this case styled ONCH MOVEMENT, LLC v. PINKTOWNUSA.COM, CASE NO. CV13-3185, and I will comply with all provisions of the Stipulated Protective Order. I agree that I will not disclose such Confidential Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Materials to the party or attorney from whom I received it or provide in writing that said information has been destroyed. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for

1172600.2 / 152-001

1

CV13-3185-PJW

1  the Central District of California for the purpose of any issue or dispute arising

2  hereunder and that my willful violation of any term of the Stipulated Protective

3  Order could subject me to punishment for contempt of Court.

4  I declare under penalty of perjury that the foregoing is true and correct.

5

6      Dated:                          _____

7                                     (Signature)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788